J-S36011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TAHREEL MALEEK TOWNSEND | |
| Appellant | No. 1515 EDA 2016 |

Appeal from the PCRA Order April 28, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003136-2008

BEFORE:  PANELLA, J., OLSON, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY PANELLA, J.              **FILED AUGUST 25, 2017**

A jury convicted Appellant, Tahreel Townsend, of first-degree murder and conspiracy arising from the shooting death of Jimmy Ortiz. The Commonwealth presented evidence that Townsend directed his two co-defendants to gun down Ortiz while Ortiz attended a college graduation party for a family member. After providing instructions and at least one firearm, Townsend acted as a lookout for the murder.

This Court affirmed the judgment of sentence. The Supreme Court of Pennsylvania denied his petition for allowance of appeal on March 15, 2012. Townsend did not seek review in the Supreme Court of the United States.

This *pro se* appeal concerns Townsend's third petition pursuant to the Post Conviction Relief Act ("PCRA"). This Court has affirmed the dismissal of

his previous two PCRA petitions. Townsend concedes that this petition is untimely. *See* Appellant's Brief, at 9.

If a PCRA petition is untimely, we have no jurisdiction to entertain it, unless one of three enumerated exceptions applies. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim could first have been presented." *Id*., at 652 (citing 42 Pa.C.S.A. § 9545(b)(2)).

One such exception, raised here by Townsend, is the discovery by the petitioner of facts of which he was previously unaware. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). When considering a PCRA's petitioner's claim that he has established an exception to the PCRA's time bar under § 9545(b)(1)(ii), the petitioner must establish that the facts upon which the claim are predicated were unknown to him, and that he could not have ascertained the facts earlier despite the exercise of due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007).

Townsend argues that his sentence of life imprisonment without parole is unconstitutional pursuant to *Miller v. Alabama*, 132 S.Ct. 2455 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). In *Miller*, the Court held that "mandatory life-without-parole sentences for juveniles violate the Eighth Amendment." 132 S.Ct. at 2464. In *Montgomery*, the Court found

that **Miller** recognized "a new substantive rule of constitutional law" and should apply retroactively. 136 S.Ct. at 729.

Townsend correctly notes that these cases can form the basis for an exception to the timeliness requirements of the PCRA. However, Pennsylvania law stands in stark contrast to Townsend's claim that these cases represent newly-discovered facts under § 9545(b)(1)(ii). Decisional law is not a fact under that section. **See Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012). Furthermore, even if Townsend had raised this claim under the newly recognized constitutional right exception, 42 Pa.C.S.A. § 9545(b)(1)(iii), we would conclude he would be due no relief.

To establish the exception in § 9545(b)(1)(iii), a petition must plead and prove that either the Supreme Court of the United States or the Supreme Court of Pennsylvania has recognized a new constitutional right. The opinion recognizing the right must have been filed after the deadline for the petitioner to file a timely petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii). Furthermore, the asserted right must have been recognized by one of those courts as retroactive. **See id**. However, "[a] contention that a newly-recognized constitutional right **should** be extended to others does not render [a] petition [seeking such an expansion of the right] timely pursuant to section 9545(b)(1)(iii)." **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016) (citation omitted; brackets in original; emphasis in original).

Here, Townsend concedes that he was over the age of 18 when Ortiz was murdered. **See** Appellant's Brief, at 11. **Miller**, however, applies only to "juveniles," 132 S.Ct. at 2464, that is, only to those defendants who were "under the age of 18 at the time of their crimes," **id**., at 2460. Appellant's reliance on **Miller** and **Montgomery** for retroactive relief from a crime he committed when he was legally an *adult* is unavailing.

And this Court has flatly rejected Appellant's brain development argument. **See**, **e.g.**, **Furgess**, 149 A.3d at 94.

The PCRA court properly dismissed Townsend's petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2017